HEZEKIAH S. HAYDEN, JUDGE OF PROBATE *vs.* LONZO M. SMITH AND ANOTHER

The statute (Gen. Statutes, tit. 18, ch. 4, part 1, sec. 1,) provides that courts of probate may appoint a conservator over the person and estate of any person incapable of managing his own affairs, on the written application of the selectmen of the town or of any relative. Held that such an application was necessary to give the court jurisdiction, and

that an appointment made on the application of a private person not a relative was void.

It seems however that a recital in a bond given on such an appointment, that the principal had been appointed conservator, would estop the obligors from denying the legality of the appointment.

But where the bond given was an ordinary administrator's bond, with the name of the ward inserted in the place of that of the intestate, but with no other alterations to adapt it to the case of a conservator, describing the ward as the deceased, and stating, as the duties to be performed, all those of an administrator, and none of those of a conservator except so far as they happened in part to be the same as those of an administrator, it was held that the bond was void as being insensible and uncertain.

DEBT on a probate bond; brought to the Superior Court in Hartford County. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*M. R. West* and *L. E. Stanton*, for the plaintiff.

*G. G. Sill*, for the defendants.

PARK, C. J. This is an action upon a probate bond given by the defendant Smith as principal and by the defendant Harvey as surety, upon the appointment of Smith by the probate court as conservator of one Betsey G. Miller. The appointment is admitted to have been void because made upon the application of the defendant Smith, who was not alleged to be and was not in fact a relative of Mrs. Miller, the statute giving the court jurisdiction to act in such a case only upon the application of a relative or of the selectmen of the town. Gen. Statutes, p. 346, sec. 1.

It is claimed however that the bond, although like the appointment void, is nevertheless good against the defendants who executed it, because they are estopped from denying that Smith was conservator, having recited that fact in the bond. This would undoubtedly be so if the bond was open to no other objection. 2 Parsons on Contracts, 790.

But the bond is fatally defective in itself. It is evident that a blank for an administrator's bond was used, without any attempt by manuscript alterations to adapt it to the

case of a conservator. The condition commences as follows:—" The condition of this obligation is such that if the above bounden L. M. Smith, conservator of the estate of Betsey G. Miller of Windsor in said district, an incapable person, shall make a true and perfect inventory of all the goods, chattels, credits and estate of *said deceased*, which have come or shall come into his hands, &c." It then proceeds to provide for an inventory, an administration of the estate, an account of administration, and a delivery of the estate to such persons as the court should order, (heirs and distributees,) and for the surrender of the letters of administration if a will should be discovered. It deals wholly with the estate of a deceased person, the duties which it requires being those of an administrator, and but in small part and casually those of a conservator. The person whose estate is to be administered upon is described as " the deceased," and no reference is made in terms or by any clear implication to the ward after the first mention of her name. The bond does not even speak of the most important duty of a conservator, which is to apply the income of the property, and the principal if necessary, to the support of the ward, nor of his duty in case of the death of the ward to deliver the estate to the administrator. If the bond had spoken of the estate as that of " the said Betsey G. Miller, deceased," the word " deceased " might be regarded as mere surplusage, and be harmless as only a false description, which does not vitiate. But it does not name her in such a way as to require the application of the false description to her, but merely speaks of the estate as that of " the said deceased," while no deceased person had been mentioned before, so that the word has no proper antecedent which explains it, while also the remainder of the condition refers wholly to the estate of a deceased person and not to that of a ward; making it clear that if the word " deceased " might be regarded, if taken by itself, as a harmless false description, yet that it is a word that was used intentionally, and is the only word that will harmonize with the rest of the condition. Taken all together we can not regard the condition

of the bond as anything better than an unmeaning collection of words; and we think such a bond can have no validity.   It is void for uncertainty.

We advise judgment for the defendants.

In this opinion the other judges concurred.